# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 864 | **DATE** | 6/14/2004 |
| **CASE TITLE** | ROBERT & PATTIE SMITH vs. MONACO COACH CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiffs are directed to submit a statement establishing that we have jurisdiction over their claims. Defendant Monaco's motion to dismiss is granted as to counts II and III, and denied as to count I.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 15 |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT & PATTI SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 04 C 864 |
| | ) | |
| MONACO COACH CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

JUN 16 2004

## MEMORANDUM OPINION AND ORDER

Plaintiffs Robert and Patti Smith brought this action against defendant Monaco Coach Corporation (Monaco) alleging breaches of warranty pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq*. Defendant filed a motion to dismiss part of count I along with all of counts II and III. For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

The facts are taken from plaintiffs' complaint. On May 17, 2003, the Smiths purchased a motor home from Abel RV that was manufactured by Monaco, also receiving a limited warranty. After taking possession of the vehicle, plaintiffs noticed a number of defects and presented the motor home to defendant's authorized dealers for repair, but the problems have not been remedied. Plaintiffs claim that this failure to repair constituted a breach of the written warranty and a breach of the implied warranty of merchantability, as defined by 15 U.S.C. § 2301(7), and that they therefore have the right to revoke acceptance of the motor home.

## DISCUSSION

We first note that plaintiffs have failed to properly assert that this court has subject

/5

matter jurisdiction over their claims. 15 U.S.C. 2301(d)(1)(B) sets the jurisdictional minimum for Magnuson-Moss Act claims at $50,000. To calculate the amount in controversy in a specific case, plaintiffs must allege the cost of a replacement vehicle minus the present value of the allegedly defective vehicle, and the value that plaintiff received from the allegedly defective vehicle. Voelker v. Porsche Cars North America, Inc., 353 F.3d 516, 521 (7th Cir. 2003), *citing* Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 957 (7th Cir. 1998). In calculating the sought-after damages, plaintiffs may not include attorneys' fees or any damages that are explicitly excluded by a written warranty. Gardynski-Leschuck, 142 F.3d at 957-58. Plaintiffs here allege that we have jurisdiction under Moss-Magnuson but fail to provide any estimates of damage. However, because the vehicle price was allegedly over $200,000, and we believe that plaintiffs have a reasonable chance of establishing jurisdiction, we will deal with the issues raised in the defendant's motion to dismiss.

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Defendant seeks to dismiss plaintiffs' claim for breach of express warranty (count I) to the extent that it is based on alleged defects that are excluded from protection. Because the warrant created a contractual relationship, the court should not alter the scope of rights and

obligations bargained for by the parties. *See* <u>Hasek v. DaimlerChrysler Corp.</u>, 745 N.E.2d 627, 634 (Ill. App. 1 Dist. 2001). To the extent that defendant is able to prove that it effectively disclaimed coverage for the listed defects, it will be protected by the warranty. At this stage, plaintiffs point to numerous defects that are covered by the warranty and allege that the defendant did not successfully exclude coverage for the other defects. This is enough to state a claim and to survive a motion to dismiss as to the express warranty claim. Any final interpretation of the warranty will require a resolution of factual issues at some later stage in the litigation.

Defendant also seeks to dismiss counts II and III of the complaint, arguing that plaintiffs cannot use Magnuson-Moss to state a claim against the manufacturer of a vehicle. The act allows plaintiffs to file a suit for breach of an implied warranty, which it defines as "an implied warranty arising under State law (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product." 15 U.S.C. § 2301(7). In other words, we must look to relevant Illinois law to determine whether an implied warranty was created.

In <u>Szajna v. General Motors Corp.</u>, 503 N.E.2d 760 (Ill. 1986), the Illinois Supreme Court attempted to resolve the issue raised here. In doing so, it reaffirmed the traditional Illinois rule requiring privity in implied warranty suits seeking recovery for economic loss. *Id.* at 767. The court went on, however, to interpret the Magnuson-Moss Act and found that the plaintiff could assert an implied warranty claim against a manufacturer if there was also a written warranty. *Id.* at 769. In so holding, the court pointed to section 2308 of the act, which states:

> No supplier may disclaim or modify (except as provided in subsection (b) of this

> section [limiting the duration of an implied warranty to the duration of a "limited" implied warranty]) any implied warranty to a consumer ... if (1) such supplier makes any written warranty to the consumer ... or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

*Id.* The court reasoned that although this section did not modify state law privity requirements, it did allow certain non-privity consumers to bring actions under the Magnuson-Moss Act. *Id.* This decision was reaffirmed in Rothe v. Maloney Cadillac, Inc., 518 N.E.2d 1028, 1030 (Ill. 1988), in which the court stated that Magnuson-Moss does more than preclude a manufacturer from disclaiming a state law implied warranty, it actually imposes a warranty on the manufacturer that would not exist under purely state law.

While we must follow the Illinois Supreme Court's interpretation of state law, Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 442 (7th Cir. 1994), we are not obliged to follow its interpretations of federal statutes. RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272 1276 (7th Cir. 1997). The courts in this district that have dealt with this issue have overwhelmingly rejected the Szajna approach. *See, e.g.,* Kutzler v. Thor Industries Inc., 2003 WL 21654260 (N.D. Ill.); Diamond v. Porsche Cars North America, Inc., 2002 WL 31155064 (N.D. Ill. 2002); Kowalke v. Bernard Chevrolet, Inc., 2000WL 656660 (N.D. Ill. 2000); Larry J. Soldinger Assocs., Ltd. v. Aston Martin Lagonda of North America, Inc., 1999 WL 756174 (N.D. Ill. 1999); *but see* Cohen v. AM General Corp., 264 F. Supp. 2d 616, 621 (N.D. Ill. 2003) (accepting Szajna approach without discussion); *see also* Abraham v. Volkswagon of America, Inc., 795 F.2d 238, 247-48 (2d Cir. 1986); Walsh v. Ford Motor Co., 807 F.2d 1000, 1014 (D.C. Cir. 1986) (both holding that the Magnuson-Moss Act did not alter or abolish state law privity requirements). Specifically, in Soldinger, Judge Pallmeyer found that Congress had no intention of modifying traditional privity requirements or creating new state law obligations

when writing Magnuson-Moss. 1999 WL 756174 at *9-10. The Act does not discuss privity and points to state law as the only foundation for implied warranties. *Id.*

The Seventh Circuit has yet to definitively settle this issue, though it came close in Voelker. 353 F.3d at 525. In that case the court determined that the plaintiff could not bring a claim against the vehicle's manufacturer because he failed to allege privity. *Id.* In doing so, the court cited to Rothe for the proposition that Illinois law requires privity to recover for economic damages for breach of an implied warranty. *Id.* The Seventh Circuit did not, however, discuss the Illinois Supreme Court's findings in Szajna with respect to the Magnuson-Moss Act. Plaintiffs argue that that decision changed the law of privity in Illinois and we must follow the Supreme Court's interpretation of state law. They claim that here, unlike in Voelker, privity exists in light of Szajna and Rothe. We disagree.

In finding that consumers who possess a written warranty could bring a Magnuson-Moss Act claim for breach of implied warranty, the Illinois Supreme Court explicitly referred to these purchasers as "non-privity" consumers. Szajna, 503 N.E.2d at 769. In other words, the court believed that the federal statute did not affect traditional common law privity, but instead allowed certain customers who failed to meet the traditional requirements to bring a claim anyway. *Id.* That determination was purely an interpretation of the Magnuson-Moss Act, not Illinois state law.

We believe that the Soldinger line of cases is correct in finding that Magnuson-Moss did not intend to extend implied warranties to customers not protected by traditional state law. Section 2301(7) expressly limits implied warranties to those "arising under" state law, except where modified in sections 2308 and 2304(a). Those two sections preclude warrantors from disclaiming or modifying existing warranties – they do not create new obligations. In Illinois,

an implied warranty does not arise in the absence of privity, meaning there is nothing for a defendant to disclaim or modify. *See* Soldinger, 1999 WL 756174 at *8-10; Abraham, 795 F.2d at 247-48. Plaintiffs do not have an implied warranty to enforce.

In count III of their complaint, plaintiffs seek to revoke acceptance of the motor home pursuant to section 2310(d), which allows for equitable relief. Such relief may be granted to remedy breach of either written or implied warranties. While revocation of acceptance is one of the remedies contemplated by Magnuson-Moss, section 2310(d) does not actually authorize specific types of relief, but instead only creates a jurisdictional basis for traditional state law claims. Gardnyski-Leschuck, 142 F.3d at 956. In order to determine whether a specific remedy is available, we must again consult state law. Kutzler, 2003 WL 21654260 at *7.

Again, there is a split in the authority as to whether such a remedy is available against a manufacturer in Illinois. In Kutzler, Judge Schenkier relied on Gasque v. Mooers Motor Car Co., Inc., 313 S.E.2d 384 (Va. 1984), in finding that a plaintiff could not bring such an action. 2003 WL 21654260 at *7-8. On the other hand, Judge Pallmeyer, in Soldinger, found that plaintiff could seek revocation based on breach of an express warranty without discussing the difference between a seller and a manufacturer. 1999 WL 756174 at *10-11.

We agree with Kutzler that Illinois law does not provide for such a remedy against a manufacturer. First, the language of section 2-608 of the Uniform Commercial Code (UCC), codified in Illinois at 810 ILCS 5/2-608, seems to expressly limit buyers from seeking the remedy against sellers. Secondly, the court in Gasque (also interpreting section 2-608 of the UCC) is persuasive in holding that the purpose of revocation is to cancel the sale and return the parties to *status quo ante*. 313 S.E.2d at 390. Because the manufacturer was not involved in the sale transaction, it would have no role in the cancellation -- only the parties actually

involved in the sale would be affected. *Id.*

## CONCLUSION

Plaintiffs are directed to submit a statement establishing that we have jurisdiction over their claims. Defendant Monaco's motion to dismiss is granted as to counts II and III, and denied as to count I.

                                                                                                                       JAMES B. MORAN
                                                                                                                       Senior Judge, U. S. District Court

June 14, 2004.